IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:05cr281-DRB |
| | ) | |
| MARY S. H. WHATLEY | ) | |

**DEFENDANT'S REQUESTED VOIR DIRE**

**NOW COMES** the Defendant, Mary Whatley, by and through undersigned counsel, Jennifer A. Hart, and requests the Court to ask the attached questions during the Voir Dire in this case, or in the alternative, permit defense counsel to inquire of the jury venire.

Respectfully submitted,

s/Jennifer A. Hart
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No.: 2:05cr281-DRB** |
| | ) | |
| **MARY S. H. WHATLEY** | ) | |

**REQUESTED VOIR DIRE**

1. During trial, everyone will need to hear the witnesses, the attorneys and the Court. With that in mind, if you can hear me clearly, please raise your hand.

2. If any of you cannot read, write, speak or understand the English language, please raise your hand.

3. If any of you cannot see well, please raise your hand.

4. If you have any health condition, which may interfere with their ability to serve as a juror, that the court needs to be made aware of, please raise your hand. You may step forward to discuss the matter with the court in private if you need to.

5. If anyone is taking medication that will affect your ability to concentrate or to sit through a trial, please raise your hand. You may step forward to discuss this matter with the court in private in you need to.

6. A person accused of a crime must be considered innocent. She must be considered innocent until proven guilty by the government beyond a reasonable doubt to the satisfaction of a jury of their peers. With this in mind, do each of you understand that an indictment is simply the Government's accusation against Ms. Whatley and that the indictment is not evidence, whatsoever, that she is guilty? If you do not

       understand the concept or if you have any problem applying that concept as I will instruct you, please raise your hand?

7. Do you further understand that you cannot draw any inference that Ms. Whatley is guilty of anything merely because the Government has accused her? Ms. Whatley sits before you presumed innocent of any offense. The Government must meet its significant burden to prove to you the guilt of Ms. Whatley beyond a reasonable doubt.

8. In a criminal case, a defendant is not required to testify, and if the defendant does not testify, jurors are not supposed to draw any conclusions from that fact. Does the idea that you might not hear from the defendant disturb you or cause you any concern?

9. Do you agree with the law that the burden of proving that a defendant is guilty of the offenses charged beyond a reasonable doubt rests with the prosecution?

10. Would you require in your own mind that the defendant prove her innocence to you before you would acquit her?

11. Do you agree that you are bound to reach a verdict solely on the evidence introduced at trial?

12. Do you agree that you are enforcing the law just as vigorously by voting for acquittal if there is reasonable doubt as to guilt, as you do if you vote for a conviction when there is no such doubt?

13. If you came to the conclusion that the prosecution had not proven the guilt of the accused beyond a reasonable doubt, and you found that a majority of the jurors or even all of the other jurors believed the accused was guilty, would you change your verdict in order to reach a unanimous decision?

14. Does any member of the jury venire know any of the following people? (We ask the government counsel to read a list of the government's proposed witnesses).

15. Are any of you related to anyone on staff of the United States Attorneys Office?

16. Does any member of the jury venire know either the United States Attorney or any of the Assistant United States Attorneys? (We ask the Assistant United States Attorney to please stand and give the names of each attorney in the U.S. Attorneys Office).

17. Have any of you received any training or taken any classes in Law or criminal justice? If yes, briefly describe the nature of that training.

18. You may hear testimony from a security officer. Would you tend to believe the testimony of such a government agent or employee just because he or she is a security officer?

19. Have you, a member of your immediate family, or a close personal friend ever had a personality conflict with an employer, that resulted in termination?

20. Have you, a member of your immediate family, or a close personal friend ever been accused of making an error at work?

21. Are you unable to consider evidence that an individual has made an unintentional error, and to understand that such an error is not grounds to find an individual guilty of stealing?

22. Do any of you recognize a member of this jury panel as a relative, a close friend or associate of yours? If yes, please state the relationship.

23. Are you now or have you ever served as a law enforcement officer or security officer?

24. Is any member of your immediate family or any close personal friend or acquaintance a law enforcement officer or security officer?

25. Have you or any member of your immediate family ever been terminated from a job, either justifiably or unjustifiably?

26. Have you, a member of your immediate family, or a close personal friend ever been subjected to racial prejudice.

27. The attorneys have asked me to make sure that you know that during the course of the trial, people participating in the trial are not allowed to speak to jurors. This includes even polite or casual conversation. Please do not be offended if you see one of the attorneys or witnesses in this case, and he or she does not acknowledge or speak to you. The rules of the Court prevent them from doing so.

Respectfully submitted,

s/Jennifer A. Hart
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.: 2:05cr281-DRB |
| | ) | |
| **MARY S. H. WHATLEY** | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 8, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Neal Frazier, Esquire
Special Assistant United States Attorney
HQ AU/JA
50 LeMay Plaza South
Maxwell AFB AL 36112-6334

                                                  Respectfully submitted,

                                                  s/Jennifer A. Hart
                                                  **JENNIFER A. HART**
                                                  FEDERAL DEFENDERS
                                                  MIDDLE DISTRICT OF ALABAMA
                                                  201 Monroe Street, Suite 407
                                                  Montgomery, AL 36104
                                                  Phone: (334) 834-2099
                                                  Fax: (334) 834-0353
                                                  jennifer_hart@fd.org
                                                  AL Bar Code: HAR189